LAURA L. AINSWORTH *vs.* WALTER S. THOMPSON.

Suffolk.    November 13, 1933. — November 15, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Limitations, Statute of.*

An action on a promissory note secured by an assignment and transfer to the plaintiff of land in Cuba was not taken out of the statute of limitations by a letter written by the defendant to the plaintiff, in which the defendant urged the plaintiff to send him money with which to improve that land and stated that "this would be even better than purchasing additional securities, as it would not take long to have your entire . . . investment [in Cuba] paid back to you. I am submitting the same for your consideration, and would be pleased to hear from you as soon as possible": there was nothing in the letter which constituted an acknowledgment or promise sufficient to revive the defendant's obligation on the note under G. L. (Ter. Ed.) c. 260, § 13.

CONTRACT. Writ in the Municipal Court of the City of Boston dated January 2, 1932.

Upon removal to the Superior Court, the action was tried before *Morton, J.* Material evidence is stated in the opinion. The judge ordered a verdict for the defendant on counts 1, 2 and 7 of the declaration, and ordered a verdict for the plaintiff in the sum of $148.75 upon count 6. Counts 3, 4 and 5 had been omitted from the declaration by amendment. The plaintiff alleged exceptions.

*S. R. Wrightington,* for the plaintiff.

*H. Finn,* for the defendant.

BY THE COURT. This is an action of contract on a promissory note purporting to be secured by a special agreement assigning and transferring to the plaintiff one acre of land in Cuba planted to citrus fruit trees. The defendant originally was liable on the note and agreement which

were executed in the name of The Buena Vista Fruit Company and on which are founded counts 1 and 2 and several items in count 7 of the plaintiff's declaration. *Frost v. Thompson*, 219 Mass. 360. The statute of limitations has been pleaded. It is a bar unless the obligation of the defendant has been revived by an acknowledgment or promise in writing signed by him. The defendant wrote a letter to the plaintiff in which, referring to the plantation in Cuba and suggesting a new kind of improvement, he said: "I think at the present time this would be even better than purchasing additional securities, as it would not take long to have your entire Buena Vista investment paid back to you. I am submitting the same for your consideration, and would be pleased to hear from you as soon as possible." These sentences occur in a letter urging the plaintiff to send to the defendant $125 to enable him to plant her land in Cuba which was the subject of the agreement. There is nothing in the letter or in the record which constitutes an acknowledgment or promise in writing signed by the defendant such as is required by G. L. (Ter. Ed.) c. 260, § 13, to take an action of contract out of the statute of limitations.

*Exceptions overruled.*