Morton O. McNUTT, Plaintiff-Appellant,

v.

AIRCO INDUSTRIAL GASES DIVISION,
Defendant-Appellee.

No. 81–1902.

United States Court of Appeals,
First Circuit.

Argued May 6, 1982.

Decided Sept. 1, 1982.

John D. O'Reilly, III with whom Letoile & O'Reilly, Framingham, Mass., was on brief, for plaintiff-appellant.

Arthur G. Telegen, with whom Henry M. Kelleher, Phoebe Salten, and Foley, Hoag & Eliot, Boston, Mass., were on brief, for defendant-appellee.

Before PHILLIPS,* Senior Circuit Judge, BOWNES and BREYER, Circuit Judges.

PHILLIPS, Senior Circuit Judge.

Morton O. McNutt, a discharged truck driver, brought this action against his former employer, under § 301 of the Labor

* Of the Sixth Circuit, sitting by designation.

Management Relations Act, 29 U.S.C. § 185(a). District Judge Walter Jay Skinner granted the motion of Airco, Inc. (Airco) for summary judgment on the ground that the action was barred by the Massachusetts 30-day statute of limitations for suits to vacate arbitration awards, Mass. Gen.Laws.Ann. ch. 150C, § 11.[1] Plaintiff appeals. We affirm.

## I

Airco had employed plaintiff McNutt as a truck driver for almost 27 years prior to his discharge on September 22, 1977. McNutt is a member of Local 25 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (the Union). At the time of appellant's discharge, the relations between the parties were covered by a collective bargaining agreement.

The Union filed a timely grievance challenging McNutt's discharge in accordance with the procedures set forth in the collective bargaining agreement. Appellee denied the grievance and the matter was referred to arbitration. On January 6, 1978, the arbitrator issued an award in which he concluded that "the discharge of Morton McNutt was for just cause under the Collective Bargaining Agreement."

On January 19, 1978, McNutt filed a charge with the National Labor Relations Board alleging that his discharge was an unfair labor practice. On March 2, 1978, the Acting Regional Director of the Board concluded that the investigation by the Board failed to disclose sufficient evidence that either the employer or the Union had been guilty of unfair labor practices. On April 7, 1978, the General Counsel of the Board upheld the determination of the Regional Director.

McNutt filed his complaint in the present case on August 20, 1979, alleging that Airco had discharged him without just cause in violation of the collective bargaining agreement.

## II

The facts underlying this claim are not relevant to the issue presented on this ap-

1. Mass.Gen.Laws ch. 150C, § 11, provides as follows:

   § *11. Vacation of award; grounds; application; rehearing*

   (a) Upon application of a party, the superior court shall vacate an award if:

   (1) the award was procured by corruption, fraud or other undue means;

   (2) there was evident partiality by an arbitrator appointed as a neutral, or corruption in any of the arbitrators, or misconduct prejudicing the rights of any party;

   (3) the arbitrators exceeded their powers or rendered an award requiring a person to commit an act or engage in conduct prohibited by state or federal law;

   (4) the arbitrators refused to postpone the hearing upon a sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section five as to prejudice substantially the rights of a party;

   (5) there was no arbitration agreement and the issue was not adversely determined in proceedings under section two and the party did not participate in the arbitration hearing without raising the objection; but the fact that the award orders reinstatement of an employee with or without back pay or grants relief such that it could not grant or would not be granted by a court of law or equity shall not be ground for vacating or refusing to confirm the award.

   (b) An application under this section shall be made within thirty days after delivery of a copy of the award to the applicant, provided that, if such application is based upon a claim of corruption, fraud or other undue means it shall be made within thirty days after such grounds are known or should have been known.

   (c) in vacating the award on grounds other than stated in clause (5) of paragraph (a) the court may order a rehearing before new arbitrators chosen as provided in the agreement, or in the absence thereof, by the court in accordance with section three, or if the award is vacated on grounds set forth in clause (3) or (4) of paragraph (a), the court may order a rehearing before the arbitrators who made the award or their successors appointed in accordance with section three. The time within which the agreement requires the award to be made shall be applicable to the rehearing and shall commence from the date of the order.

   (d) If the application to vacate an award is denied and no motion to modify or correct the award is pending, the court shall confirm the award.

peal. Generally, appellant contends that his discharge was for minor or trivial incidents about which he had no warning nor any opportunity to explain, whereas the appellee refers to a series of incidents and complaints against the appellant over the years of his employment, the last three of which occurred in 1977 and led to a negotiated final warning and ultimately his dismissal. These claims were presented at the arbitration hearing and decided against the appellant.

Airco raised the arbitration award as a defense. McNutt responded, alleging that the award should not be final or binding, because the Union processed his claim "in such an arbitrary, perfunctory and grossly negligent manner, and with the improper intent to subvert Plaintiff's legitimate claim and otherwise in violation of its duty of fair representation to Plaintiff, so as not to be a bar to this proceeding." In support of this contention, appellant alleges that the Union and Airco improperly negotiated away his right to arbitration on the first two 1977 incidents, agreeing instead to a final warning; that the Business Agent representing him at the arbitration hearing was incompetent to handle his claim; and that the Union arbitrarily refused to cooperate with his request to be represented by counsel at the hearing at his own expense and to have copies of the briefs and a transcript made for him at his expense. Appellant retained his present counsel shortly after his discharge. Prior to the arbitration hearing, counsel notified both the Union and Airco by letter of McNutt's contention that both his discharge and the subsequent handling of it by the Union violated his "statutory and contractual rights." The parties were informed that McNutt had been advised to proceed with the arbitration hearing, but that he was not waiving thereby any rights to raise his claims before the NLRB or the courts.

The merits of the discharge claim were heard before the arbitrator; those claims and the claims noted above against both the Union and Airco regarding their handling of his grievance and arbitration were raised in the unsuccessful NLRB petitions. Appellant then raised all of the above claims before the district court. Although he alleges that the Union's breach of duty should relieve him from the finality of the decision of the arbitrator, he has named only Airco as a party defendant. The district court did not address the merits of any of these claims; instead, it found the action to be barred by the statute of limitations, Mass.Gen.Laws Ann. ch. 150C, § 11(b) (see n. 1).

On appeal, appellant contends that the district court erred by applying the wrong statute of limitations, and that in any event the statute should have been tolled because of the failure of the Union to provide him with the documents supporting his claim of unfair representation.

### III

█ This case presents this court with our first opportunity to determine the effect in this Circuit of the recent Supreme Court decision in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). The established rule, reaffirmed in *United Parcel Service, Inc.*, is that in actions brought under § 301 of the Labor Management Relations Act ("LMRA"), federal courts must apply the most appropriate limitations period provided by state law. *United Parcel Service, Inc. v. Mitchell, supra*, 451 U.S. at 60, 101 S.Ct. at 1562; *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966); *Locals 2222, 2320–27, International Brotherhood of Electrical Workers, AFL–CIO v. New England Telephone and Telegraph Co.*, 628 F.2d 644, 650 (1st Cir. 1980); *De Arroyo v. Sindicato de Trabajadores Packinghouse, AFL–CIO*, 425 F.2d 281 (1st Cir.), *cert. denied*, 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970).

*United Parcel Service, supra*, like the present case, involved an action by a discharged employee brought under § 301 of the LMRA after his discharge had been upheld at an arbitration provided for in the collective bargaining agreement. The

plaintiff sued both his union and his employer, alleging a breach of duty of fair representation and a violation of the collective bargaining agreement. The district court and the Court of Appeals had disagreed on whether to apply New York's six-year statute of limitations for breach of contract actions, or that State's 90-day limitations statute for actions to vacate arbitration awards. The Supreme Court held that the more appropriate limitation statute was the latter 90-day statute to vacate arbitration awards. The Court reasoned:

> It is true that respondent's underlying claim against his employer is based on the collective-bargaining agreement, a contract. It is not enough, however, for an employee such as respondent to prove that he was discharged in violation of the collective-bargaining agreement.... Since the conclusion of the Joint Panel was, under the collective-bargaining agreement, "binding on all parties," respondent was required in some way to show that the Union's duty to represent him fairly at the arbitration had been breached before he was entitled to reach the merits of his contract claim. This, in our view, makes the suit more analogous to an action to vacate an arbitration award than to a straight contract action.

451 U.S. at 62, 101 S.Ct. at 1564 (footnote omitted).

It would be difficult to imagine a case more squarely in point. It is immaterial that appellant has failed to name the Union as a defendant, since, as the Supreme Court has emphasized:

> "To prevail against either the company or the Union, petitioners must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." ... [T]he indispensable predicate for such an action [i.e. a § 301 suit against the employer] is not a showing under traditional contract law that the discharge was a breach of the collective-bargaining agreement, but instead a demonstration that the Union breached its duty of fair representation.

*United Parcel Service, supra,* 451 U.S. at 62, 101 S.Ct. at 1564, *citing Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976).

This court previously has implied that, under the *United Parcel Service* rationale, a § 301 employee suit against his employer involving a claim that had been subject to a final arbitration would be governed in Massachusetts by the 30-day statute of limitations at issue in the present case. *See Sear v. Cadillac Automobile Company of Boston,* 654 F.2d 4, 6–7 (1st Cir. 1981). In *Sear,* we held it unnecessary to decide this issue, because we concluded that the district court correctly found on the merits that there was no breach of duty by the union in that case. *Id.* at 7. We also found it inadvisable to reach the issue, because of certain subsidiary issues which might benefit from the opportunity to ripen fully in a case whose outcome they would determine. Specifically, these issues were (a) whether the same statute of limitations should bar an employee's § 301 suit against a union, and (b) whether filing a charge with the NLRB would toll the statute. *See id.* at 6–7.

In the present case we confirm our original intimation in *Sear* as to the appropriate statute of limitations, while again reserving judgment on the latter two issues. We hold that in a suit brought by an employee against an employer under § 301 of the LMRA for wrongful discharge under the collective bargaining agreement, where the discharge has been upheld in an arbitration provided for in the collective bargaining agreement, the most appropriate state statute of limitations in Massachusetts is the 30-day statute for the vacation of arbitration awards, Mass.Gen.Laws Ann. ch. 150C § 11(b) (*see* n. 1).

The best argument of appellant against the application of this statute is that it is of the type referred to in *Hoosier Cardinal, supra,* 383 U.S. 696 at 707, n. 9, 86 S.Ct. 1107 at 1114, n. 9, 16 L.Ed.2d 192, where the Supreme Court stated that "[o]ther questions would be raised if this case presented a state law characterization of a § 301 suit that reasonably described the nature of the

cause of action, but required application of an unusually short or long limitations period." Appellant also cites a decision of this court, decided before *United Parcel Service*, in which we hinted that a Massachusetts 10-day limitations period for modification or correction of arbitration awards might not be reasonable, under *Hoosier Cardinal*, as a limitation of the power of the federal court to resubmit, in the context of a § 301 dispute, an arbitration award to an arbitrator for interpretation or amplification. *Locals 2222, 2320–27, etc. v. New England Telephone, supra*, 628 F.2d 644 at 647, 650. Again, however, we did not reach that issue, finding that the dispute therein of the proper amount of wages due an employee prevailing in an arbitration of his claim of wrongful discharge was more appropriately characterized as an action to enforce or confirm an arbitration award and not as one for modification or correction. *Id.* at 651.

We reject whatever implication there may be in the above cases that the thirty day statute of limitations herein involved is unreasonably short as a limitation period for § 301 actions which have been subject to a final arbitration under the provisions of the collective bargaining agreement. The Supreme Court in *United Parcel Service, supra*, found that the choice between two shorter limitations periods than were involved in *Hoosier Cardinal, supra*, was justified in part by the fact that the claim of plaintiff in *United Parcel Service* had been subject to arbitration. 451 U.S. at 63, n. 5, 101 S.Ct. at 1564, n. 5. The Court also found that the choice of New York's 90-day arbitration limitations statute rather than its six-year contract statute was in keeping with the central role played by the grievance and arbitration process in labor disputes, and with the federal policy of "the 'relatively rapid disposition of labor disputes.'" *Id.* at 63, 101 S.Ct. at 1564, *citing Hoosier Cardinal, supra*, 383 U.S. at 707, 86 S.Ct. at 1114. These same considerations support our choice of the 30-day limitation period in Massachusetts for vacating arbitration awards to govern the present § 301 action.

We also reject the contention of appellant that the statute of limitations should have been tolled because of the Union's alleged withholding from him of the documents that would disclose the specific nature of its improper handling of his dispute. Where appellant had notice of the alleged Union wrongdoing, such non-disclosure should not have prevented him from commencing his action, and, indeed, did not prevent him from raising before the NLRB the very same claims raised in the present case regarding the handling of his grievance by the Union. Since the present suit was commenced more than 30 days after the final disposition of appellant's petition by the NLRB General Counsel, we need not decide whether the filing of a charge with the Board would toll the statute of limitations on a § 301 action.

The summary judgment of the district court is affirmed. No costs are taxed. The parties will bear their own costs on this appeal.