**Dorothy GISH, Plaintiff,**

v.

**UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA, LOCAL 205 and Timex Clock Co., Defendants.**

**Civ. A. No. 82–1741–MA.**

United States District Court,
D. Massachusetts.

April 27, 1983.

Christy A. Pano, Pano & Maloney, Worcester, Mass., for plaintiff.

Allan R. Rosenberg, Putnam, Bell & Russell, Boston, Mass., for United Elec.

Howard M. Bloom, Siegel, O'Connor & Kainen, P.C., Boston, Mass., for Timex.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This is an action brought by Dorothy Gish against both her employer, the Timex Clock Company (Timex), and her union, the United Electrical, Radio and Machine Workers of America, Local 205 (Local 205), pursuant to section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). The following undisputed facts are presented by the record, including all affidavits.

On November 6, 1981, Timex suspended the plaintiff without pay for allegedly having taken an unauthorized vacation from November 2 through November 6 of the same year. The suspension lasted until January 4, 1982. Gish's union representative filed an emergency Step Two grievance on November 9, 1981. Timex denied the grievance on November 12 and Local 205 appealed this decision to the Step Three level four days later. In a letter dated December 3 and received by the union the following day, Timex upheld its previous Step Two decision. Under Article XXI, section 1 of the collective bargaining agreement, which had been in force since January 19, 1981, the plaintiff had the right to submit her grievance to arbitration after a denial at the Step Three level "provided that such request is made within 30 days after the final decision has been given pursuant to Article XX, Section 1(c)(5)."

Elizabeth Palmer, President of Local 205, informed the plaintiff that the union supported her grievance and intended to recommend that the general membership vote to send her case to arbitration. Such votes take place at the monthly union meetings. The next meeting of Local 205 was scheduled for December 6, 1981, but due to heavy snow that day the meeting was can-

celled. A week later, Timex temporarily closed the plant which remained shut down from December 14, 1981 through January 3, 1982.

During this interim, Local 205 did not take any further action on the plaintiff's grievance, though the union's leadership was aware that failure to file within the thirty day period would bar any right to arbitration of the matter. As stated in Article XX, section 1(c)(7): "Any Grievance not submitted to arbitration in accordance with this Article shall be considered settled." Notwithstanding this rule, Local 205 postponed the December 6 meeting until early January several days after the thirty day limitation period had expired.

In early January of 1982, Local 205 voted during its meeting to send Gish's grievance to arbitration. The submission was mailed by the union's international representative, Donald C. Bollen, to the American Arbitration Association on January 14, 1982. On January 18, 1982, the company notified the Association (a copy of this letter evidently was sent to Local 205) that the union's arbitral request was untimely and, on March 15, 1982, Local 205 voluntarily withdrew the submission on Gish's behalf. On April 19, 1982, the plaintiff claims she was informed that the company was not going to agree or consent to the arbitration being heard, according to the plaintiff's affidavit.[1]

On June 22, 1982, the plaintiff filed her complaint in this Court. She alleges that Local 205's untimely arbitral filing of her grievance constituted a breach of its duty of fair representation. The plaintiff also claims that Timex breached the terms of the collective bargaining agreement because its charges against her of insubordination were false and without basis in fact. The plaintiff requested $2,500.00 in compensatory relief and $25,000.00 in punitive damages.

Several months later, the defendants filed similar motions to dismiss or, in the alternative, for summary judgment. They asserted that the complaint was time-barred by *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), and urged application of the state thirty day statute of limitations for vacation of arbitral awards, Mass.Gen. Laws Ann. c. 150C, § 11(b). Oral argument was heard on the motions, at which time the plaintiff submitted an amended complaint to the Court and presented, belatedly, her memorandum opposing Timex's motion to dismiss or, in the alternative, for summary judgment. Her brief addressed two issues: (1) the statute of limitations applicable to this civil action; and (2) the viability of her claim against Local 205 for breach of its duty to fairly represent her.

Subsequently, the defendants supplemented their previous motions by moving for summary judgment on the claim of breach of duty. Because there were conflicting statements in the plaintiff's pleadings and memoranda, further affidavits were requested by the Court to clarify the factual issue of when the plaintiff learned her grievance had been withdrawn by the union.[2] It should be noted that the plaintiff, in amending her complaint, withdrew her demand for punitive damages and now seeks compensatory relief with costs and

---

**1.** There is a clear conflict as to when the plaintiff learned that the union had withdrawn her arbitral request. Local 205's business agent, noting that the plaintiff had formerly been a business agent, familiar with the grievance and arbitration procedure, stated that she told the plaintiff the union had voted to withdraw the request on March 7, 1982 and had withdrawn it, in fact, on March 15, 1982. This version is confirmed by the affidavit of the President of the union. The plaintiff denies this, but does admit that she knew on March 25, 1982 that the company had denied her arbitration request because it was untimely and admits that on April 19, 1982, she was told the company was not going to consent to the arbitration being heard.

**2.** Plaintiff's Memorandum filed on March 23, 1983, stated at page 6 that the limitation period should commence after March 15, 1982, when "the plaintiff first discovered that her grievance was withdrawn by the Union without her knowledge and consent." Plaintiff's subsequent memorandum at page 2 stated that these facts were discovered on or about June 23, 1982, when she filed the present complaint.

interest as well as reasonable attorney's fees.

The defendants have cited *United Parcel Serv., Inc. v. Mitchell, supra,* for the proposition that the complaint here is time-barred. That case concerned an employee's suit against his employer and union brought seventeen months after the Atlantic Area Parcel Grievance Committee had upheld the plaintiff's discharge, a final decision binding on all parties. The Court viewed the facts as "more analogous to an action to vacate an arbitration award than to a straight contract action." *Id.* at 62, 101 S.Ct. at 1563. Accordingly, it applied the state statute of limitations for the vacation of arbitral awards to decide the timeliness of the plaintiff's section 301 action. *Id.* at 64, 101 S.Ct. at 1564. That application was adopted by this Circuit in *McNutt v. Airco Indus. Gases Div.,* 687 F.2d 539 (1st Cir.1982).

The defendants urge the application of a similar Massachusetts state statute, Mass. Gen.Laws Ann. c. 150C, § 11(b) (thirty day limitation period for applications to the Superior Court to vacate an arbitral award). In *Mitchell,* however, an arbitration award had been ordered. Here, the plaintiff's complaint was never presented to an arbitration panel.

The question presented is whether the same statute of limitation should be applied to a suit arising out of pre-arbitral dismissal of a grievance as to a suit arising out of a post-arbitral dismissal of a grievance.

This Circuit has not ruled on this issue. Some courts which have dealt recently with a somewhat similar factual situation have applied the six month statute of limitation promulgated under section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *Lewis v. Harbison-Walker Refractories,* 542 F.Supp. 1381 (N.D.Ind.1982); *Collins v. Car Carriers, Inc.,* 536 F.Supp. 776 (N.D.Ill.1982); *Kaftantzis v. D & L Transport Co.,* 531 F.Supp. 566 (N.D.Ill. 1982).

Other courts have applied the state statute of limitation governing the vacation of arbitration awards even though the grievance had not been processed through the final step. It is of note that in all of the cases below, except one, the courts explicitly referred to the fact that the plaintiff had had notice of the termination of the grievance. *Hall v. Printing and Graphic Arts Union, Local # 3,* 696 F.2d 494, 496 (7th Cir.1982) ("Local informed Hall that it would pursue her grievance no further."); *Badon v. General Motors Corp.,* 679 F.2d 93, 98 (6th Cir.1982) (no explicit reference to notice); *Bigbie v. Local 142, Int'l Bhd. of Teamsters,* 530 F.Supp. 402, 404 (N.D.Ill. 1981) ("Plaintiffs then requested Union to file a grievance on their behalf, but Union declined to do so."); *Ross v. Bethlehem Steel Corp.,* 109 L.R.R.M. 2791, 2792 (D.Md.1981) ("The plaintiff received the Union's final decision not to appeal his grievance from the Grievance Committee...."); *Fields v. Babcock & Wilcox,* 108 L.R.R.M. 3150, 3151 (W.D.Pa.1981) ("Plaintiff's complaint indicates that he was aware ... of untimely efforts by the Union to appeal the result...."); *see also D'Andrea v. American Postal Workers Union,* 700 F.2d 335, 112 L.R.R.M. 2866 (6th Cir.1983) (per curiam); *Davidson v. Roadway Express, Inc.,* 650 F.2d 902 (7th Cir.1981), *cert. denied,* 455 U.S. 947, 102 S.Ct. 1447, 71 L.Ed.2d 661 (1982) (allegedly unfair grievance procedure was effectively an arbitration whatever the label).

After a careful review of these cases, and under the particular circumstances here, I conclude the thirty day statute of limitations provided by M.G.L.A. c. 150C, § 11(b) should apply. First, the strong federal policy favoring the efficient, speedy and final resolution of employee-employer dispute requires the shorter period. *See McNutt v. Airco Indus. Gases Div., supra.*

Secondly, the facts in this case reflect no unfairness in the process. The plaintiff was aware for several months that her request for arbitration was resisted by the company. Accepting her statement that she learned of the company's refusal to consent to arbitration on April 19, 1982, she was on notice that her grievance was not going to be further processed over 60 days before she filed this suit. There could be no arbitration as long as the company refused. She was also aware that the refusal

to arbitrate resulted from the union's failure to file a timely request. In short, all of the necessary ingredients for this suit were present on April 19, 1982; namely, the Union's untimely request and effective notice that there was not going to be an arbitration because the company refused to consent to waiving the untimely request. From the plaintiff's point of view, the company's refusal to arbitrate was as final and binding as a final award.

Under the circumstances here, it would have been unfair to the plaintiff to commence the statute of limitations on January 3, 1982, the date by which the 30 day period allowed under the grievance procedure had already expired. At that time, the plaintiff did not know that the request was untimely. But she did know that on March 25, 1982 and certainly knew the company was not going to agree to the arbitration on April 19, 1982. Yet, the plaintiff took no action under the collective bargaining agreement and waited until June 22, 1982 to file this suit. If we are correct in our conclusion that the 30 day period of limitations should be applied, the plaintiff waited too long.

Accordingly, the defendants' motions to dismiss are granted and the complaint is dismissed.

SO ORDERED.