Joseph SCAGLIONE

v.

**COMMUNICATIONS WORKERS OF
AMERICA, LOCAL 1395, and
Western Electric Company.**

Civ. A. No. 79–1044–Z.

United States District Court,
D. Massachusetts.

Nov. 15, 1983.

Robert J. Annese, Arlington, Mass., for plaintiff.

Nathan S. Paven, Flamm, Kaplan, Paven & Feinberg, Richard Ward, John H. Mason, Ropes & Gray, Boston, Mass., for defendants.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiff brought this action under Section 301 of the National Labor Relations Act, 29 U.S.C. sec. 185, against the Communications Workers of America, Local 1395 (the "Local") and Western Electric Company ("Western"). He seeks damages against Western for wrongful termination and breach of his employment contract. In addition, he alleges that the Local breached its statutory duty fairly to represent him in the prosecution of his grievances against Western. The plaintiff has moved to consolidate this action with *Ferrante v. Western Electric Co.*, No. 81–3004–Z, a suit by two other employees against the same defendants also pending in this Court. Both defendants have moved for summary judg-

ment on the grounds that the action is barred by the six-month statute of limitations set forth in sec. 10(b) of the National Labor Relations Act, 29 U.S.C. sec. 160(b).

## I. The Motions for Summary Judgment

In *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that this limitation period applied to an employee's suits against his employer for breach of contract, and those against the union for breach of its duty of fair representation. Defendants would apply the *Del Costello* holding retroactively. The Local contends that plaintiff's cause of action accrued before May of 1977, so that its suit instituted December 29, 1977 was not timely filed. Western, which was not named as a defendant in the suit until April 9, 1979, asserts that plaintiff's cause of action against it accrued more than six months before that date.

The motions for summary judgment based on *Del Costello* raise two questions, whether the decision has retroactive application and, if so, when the causes of action accrued.

### A. Retroactive Application of *Del Costello*

The general rule is that judicial precedents have retroactive as well as prospective effect. *National Association of Broadcasters v. Federal Communications Commission*, 554 F.2d 1118, 1130 (D.C.Cir. 1976). The Supreme Court in *Del Costello* adhered to that rule and applied the six-month limitation period to the parties before it even though the Second Circuit, where their cases arose, had been using longer state limitations periods for some time. *Id.*, 103 S.Ct. at 2294. Moreover, the First Circuit has given retroactive effect to an analogous Supreme Court decision which imposed a very much briefer limitation period on an employee's action against an employer for breach of a collective bargaining agreement. *See McNutt v. Airco*, 687 F.2d 539 (1st Cir.1982) (applying retroactively the 30-day state limitation period

for vacation of an arbitration award held to apply to such actions in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981)). Given the Supreme Court and First Circuit decisions, it is clear that *Del Costello* must be given retroactive as well as prospective effect.

There remains the question of when plaintiff's cause of action accrued with respect to each of the defendants and, accordingly, whether his action against either is barred by the six-month statute of limitations.

### B. Accrual of Plaintiff's Cause of Action

The following material facts are undisputed. Plaintiff was employed by Western until his discharge in October 1975 and was a member of the Local at all times material to the action. Upon his discharge, plaintiff brought a grievance concerning that discharge to the attention of the then president of the Local, Bernard Gallagher, who initiated a grievance protesting plaintiff's discharge.

In early 1976, Francis Burns, the newly-elected president of the Local, assumed responsibility for handling the grievance. Plaintiff had only one meeting with Burns, in January 1976, and after that meeting Burns never discussed the grievance with him although he made a number of attempts to get in touch with Burns. Sometime before May 1977, plaintiff telephoned Burns to ask about the status of his case and to request a complete case file. Burns replied, "I will start to work on your case in seven to ten years," and hung up. Plaintiff had no further conversations with Burns.

On May 16, 1977, he wrote to Burns requesting a complete case file and inquiring about the status of his case. The letter was sent by registered mail and received on May 18, 1977, but was never answered. On October 14, 1977, Kenneth Bergstrom, the National Director of the Communications Workers of America, wrote to Mr. Burns stating that Mr. Scaglione's case had

been closed. Plaintiff filed suit against the Local on December 29, 1977, alleging that it had breached its duty of fair representation to him. On April 9, 1979 he amended his complaint, naming Western as an additional defendant and claiming a breach of its employment contract with him.

■ As a prerequisite to an action against his employer for breach of a collective bargaining agreement, an individual employee must show that he has exhausted all grievance or arbitration remedies provided in the collective bargaining agreement or that the union representing him in the grievance/arbitration procedure is acting in such a "discriminating, dishonest, arbitrary or perfunctory fashion as to breach its duty of fair representation." *Del Costello*, 103 S.Ct. at 2290. Demonstration of such a breach of duty by the union is an "indispensable predicate" for a cause of action against the employer under sec. 301 of the Labor Management Relations Act. *United Parcel Service, Inc. v. Mitchell*, 451 U.S. at 62, 101 S.Ct. at 1563. That being so, plaintiff's cause of action against Western for the termination accrued when his cause of action against the Union for breach of its duty of fair representation in connection with the termination arose.

■ A cause of action for breach of the duty of fair representation arises when the plaintiff "had notice of alleged union wrongdoing." *McNutt v. Airco Industrial Gases Division*, 687 F.2d at 543. Wrongdoing constituting a breach of duty is defined as arbitrary or bad faith conduct, including arbitrarily ignoring a meritorious grievance or processing it in a perfunctory way. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Once plaintiff had notice that the Local's processing of his grievance was perfunctory or done in bad faith, the necessary elements of his cause of action had accrued. *See Gish v. United Electrical, Radio and Machine Workers of America, Local 205*, 588 F.Supp. 495, (D.Mass.1983) (where employer refused arbitration of plaintiff-employee's discharge grievance due to union's

untimely filing of request "necessary ingredients" for suit against union were present as soon as plaintiff had notice that her grievance was not going to be further processed because of the union's failure to file a timely request.)

■ While *Gish* involved a plaintiff on notice that no further processing of the employee's grievance was possible, arbitrary or perfunctory processing constituting a breach of union duty may become evident even where there remains some possibility of nonjudicial enforcement of plaintiff's rights. *Santos v. District Council of New York City and Vicinity of United Brotherhood of Carpenters and Joiners of America*, 619 F.2d 963 (2d Cir. 1980).

■ Plaintiff and the defendant Local agree that in the telephone call to Burns made some time before May of 1977, Burns stated that he would start to work on plaintiff's case "in seven to ten years," and hung up. Both parties agree that the call followed a number of unsuccessful attempts by plaintiff to contact Burns, after their sole meeting in January 1976. The Local contends that, given this context, Burns' statement was enough to put plaintiff on notice of the Local's failure to represent him fairly. However, it also agrees that plaintiff sent a letter to Burns by registered mail on May 16, 1977, inquiring about the facts of his case and requesting his case file. Viewing the facts most favorably to plaintiff, it is possible to infer that he did not have the necessary knowledge of a breach by the union until some time after the letter was sent, when he had failed to receive a response. In order to come within the six-month limitation period, plaintiff would have had to remain hopeful of a reply until at least June 29, 1977. Whether he did have such an expectation for that period involves an inquiry into plaintiff's state of mind such that summary judgment is inappropriate on that issue. *Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir.1975); *Cross v. United States*, 336 F.2d 431, 433 (2d Cir.1964). Nor can one say as a matter of law that it was unrea-

sonable for him to continue to expect a reply during the six weeks in question. Given the material dispute of fact between the parties as to when plaintiff became aware or should have become aware that the Local would not pursue his grievance, the Local's motion for summary judgment must be denied.

█ Plaintiff's complaint against the Local and the individual union officers filed December 29, 1977 alleges that "defendants have taken no further affirmative action with respect to the prosecution of such grievance, despite numerous requests from plaintiffs." At least by that date, therefore, plaintiff was aware of the Local's failure to act on his behalf, which constituted a breach of its duty to him. *See Figueroa de Arroyo v. Sindicato De Trabajadores Packinghouse*, 425 F.2d 281 (1st Cir.), *cert. denied*, 400 U.S. 877, 91 S.Ct. 121, 27 L.Ed.2d 115 (1970) (failure to process may constitute breach of duty). That being so, plaintiff's contention concerning the Bergstrom letter of October 14, 1977 is unpersuasive. Plaintiff asserts that only upon obtaining that letter in December 1978, as part of the case file then requested, did he learn that the Local would not pursue his case and that the International Union had closed his file. But his allegations in the December 1977 complaint had already set forth a cause of action against the union for breach of its duty. As noted above, the fact that there may remain some possibility of nonjudicial enforcement of plaintiff's rights does not prevent accrual of a cause of action for breach of duty.

Once on notice of the union's breach of duty, plaintiff had all the necessary elements for his cause of action against Western for breach of its contract, *Del Costello*, 103 S.Ct. at 2290, and the statute of limitations began to run with respect to his claim against it.

Plaintiff has in this case asserted no facts that would toll the statute. Nor does his amended complaint against Western relate back to the date of his filing against the Local for it clearly falls outside the situations in which Fed.R.Civ.P. 15(c) would allow such relation back. *See Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102–103 (1st Cir.1979);[1] *Smart v. Ellis Trucking Co.*, 580 F.2d 215 (6th Cir.1978).

Because plaintiff's cause of action against Western accrued on or before December 29, 1977, it is barred by the applicable six-month statute of limitations. Western's motion for summary judgment is allowed.

**II. The Motion to Consolidate**

█ Plaintiff has moved to consolidate his case with that brought by two other employees against the same defendants. In that case, *Ferrante v. Western Electric*, No. 81–3004–Z, the Court today allowed defendants' motion for summary judgment against plaintiff Ferrante.

The claims of the remaining plaintiff, Morello, and those of Scaglione arise from discharges occurring on different occasions, and relate to union actions which present quite different fact patterns. Moreover, Morello has demanded a jury trial while Scaglione has not. Consolidation will not promote convenience or economy and would result in confusion of the issues. The motion for consolidation is therefore denied.

---

1. The First Circuit in that case held that all three requirements of 15(c) must be met in order for an amended complaint to relate back. Here the third definitely is not, for there is no assertion of any mistake concerning identity of the proper party.