**Joseph SCAGLIONE,**
**Plaintiff, Appellant,**

v.

**COMMUNICATIONS WORKERS OF AMERICA, LOCAL 1395, et al.,**
**Defendants, Appellees.**

No. 84–1921.

United States Court of Appeals,
First Circuit.

Heard March 5, 1985.

Decided April 17, 1985.

Rehearing Denied June 10, 1985.

Frederick T. Golder, Boston, Mass., with whom Golder & Shubow, P.A., Boston, Mass., was on brief, for appellant.

Thomas F. Birmingham, Boston, Mass., with whom Flamm & Birmingham, Boston, Mass., was on brief, for Communications Workers of America, Local 1395.

John H. Mason, Boston, Mass., with whom David J. Kerman and Ropes & Gray, Boston, Mass., were on brief, for AT & T Technologies, Inc.

Before CAMPBELL, Chief Judge, TORRUELLA, Circuit Judge and RE,* Judge.

PER CURIAM.

In *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103

---

* Chief Judge, of the United States Court of International Trade, sitting by designation.

S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that the six-month statute of limitations set forth in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), would apply to hybrid breach of duty of representation/breach of employment contract actions such as the case at bar. Although *Del Costello* was decided after Joseph Scaglione commenced this action, we recently held in *Graves v. Smith's Transfer Corp.*, 736 F.2d 819 (1st Cir.1984), that the period of limitation announced in *Del Costello* would apply retroactively. Since we held in *Simpson v. Director, Office of Workers' Compensation Programs*, 681 F.2d 81 (1st Cir.1982), that the decision to apply a holding retroactively, once made, governs all future applications of that holding, we are bound to apply the six-month period to Scaglione's claim, and will not entertain arguments that under the criteria laid out in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), its application to his particular situation is unwarranted.

The district court found after trial to the bench that Scaglione's cause of action against defendant Communications Workers of America, Local 1395, accrued before June 29, 1977. 586 F.Supp. 1018. This determination, amply supported by the evidence, bars Scaglione's action against the Local, which was not commenced until December 29, 1977. Scaglione does not challenge the district court's conclusion that his causes of action against defendant AT & T Technologies, Inc. must have accrued simultaneously with or prior to the accrual of his cause of action against the Local; these actions are thus also barred. This conclusion renders without force Scaglione's argument that his actions against AT&T Technologies, Inc. are not time barred because they relate back to the time his action against the Local was filed.

*Affirmed.*