MAURICE EPSTEIN vs. BENJAMIN SEIGEL.

Middlesex.   November 8, 1985. — December 3, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Limitations, Statute of.*

A letter signed by the defendant in an action to recover on a certain check, stating simply that the defendant would examine his records and would pay the amount of the check if satisfied that he owed the plaintiff, was not an "acknowledgment or promise" which, under G. L. c. 260, § 13, would take the action out of the operation of the six-year statute of limitations. [279-280]

CIVIL ACTION commenced in the Newton Division of the District Court Department on November 10, 1979.

The case was heard by *Paul A. Chernoff*, J., on a motion to dismiss.

*Maurice Epstein,* pro se (*Barbara Stedman* with him).

*Morris J. Gordon* (*David M. Stern* with him) for the defendant.

NOLAN, J. In response to an amended complaint in contract in which the plaintiff, Maurice Epstein, seeks to recover $3,000, which was the amount of a check, dated July 29, 1968, drawn by the defendant, Benjamin Seigel, to the plaintiff's order, the defendant filed a motion to dismiss under Mass. R. Civ. P. 12 (b)(6), 365 Mass. 754 (1974), specifically interposing the statute of limitations as a bar to recovery. A judge in the District Court allowed the motion to dismiss and reported his order of dismissal to the Appellate Division, which dismissed the report. The plaintiff appealed from the order of the Appellate Division. We affirm the dismissal of the report.

We look exclusively at the amended complaint to determine whether it states "a claim upon which relief can be granted." Mass. R. Civ. P. 12 (b)(6). The allegations of the complaint

clearly reveal that the action was commenced beyond the time constraints of the statute of limitations. A motion to dismiss under rule 12 (b)(6) is an appropriate vehicle for raising such a defense. See *Woodcock* v. *American Inv. Co.,* 376 Mass. 169, 173-174 (1978).

We summarize the findings of the Appellate Division. The action was commenced on November 10, 1979, by a complaint which alleges that, on or about July 29, 1968, the defendant drew a check to the order of the plaintiff for $3,000, which represented the amount advanced by the plaintiff to the defendant on or about May 12, 1967. The check was dishonored for lack of sufficient funds, and the obligation has not been satisfied. In a letter to the plaintiff, signed by the defendant and dated July 12, 1978, the defendant stated: "With reference to the $3,000 check dated on or about July 29, 1968, I will search my records to determine whether or not this amount is owed; if and so, I will pay the obligation." The plaintiff relies on this letter.

Most actions of contract must be commenced within six years "next after the cause of action accrues." G. L. c. 260, § 2 (1984 ed.). This is an action of contract within the scope of the six-year statute. The plaintiff appears to concede that, but for the letter of July 12, 1978, his claim would be barred. The letter, he argues, is an "acknowledgment or promise" within G. L. c. 260, § 13 (1984 ed.) (set forth in full in the margin)[1] which takes his action out of the operation of § 2. We disagree.

Our court has said with convincing consistency that the written acknowledgment or promise must be an unqualified acknowledgment of the debt (see *Wald* v. *Arnold,* 168 Mass. 134, 136 [1897]) or an unconditional promise to pay the debt. *Wenz* v. *Wenz,* 222 Mass. 314, 321 (1916). See *Gill* v. *Gibson,* 225 Mass. 226, 227-228 (1916). See also *Ainsworth* v.

---

[1] "No acknowledgment or promise shall be evidence of a new or continuing contract whereby to take an action of contract out of the operation of this chapter or to deprive a party of the benefit thereof, unless such acknowledgment or promise has been made by, or is contained in, a writing signed by the party chargeable thereby."

*Thompson*, 284 Mass. 387, 388 (1933); *Gillingham* v. *Brown*, 178 Mass. 417, 421 (1901); *Custy* v. *Donlan*, 159 Mass. 245, 247 (1893); *Bangs* v. *Hall*, 2 Pick. 368, 374 (1824). The letter of July 12, 1978, is neither. The letter simply provides that the defendant, after examining his records, will pay if he is satisfied that he owes the plaintiff. This is a conditional promise.

The allegation in the amended complaint that the letter of July 12, 1978, arose out of a lawsuit brought by the plaintiff against the defendant and others to recover "$125,000 in advances made by [the] plaintiff" adds nothing to the plaintiff's argument.

*Order dismissing report*
*affirmed.*