JOSEPH H. DRISCOLL *vs.* BOSTON EDISON COMPANY & others.[1] No. 87-46. February 9, 1988. *Limitations, Statute of. Libel and Slander. Contract,* Employment. *Labor,* Fair representation by union.

Boston Edison Company, acting through its superintendent of labor relations, the defendant Godfrey, suspended the plaintiff on October 31, 1977, based on a determination that the plaintiff was the source of a series of obscene letters and phone calls which had been received by other Edison employees. A series of meetings between representatives of Edison and Local Union No. 387 produced an agreement acceptable to Edison and the union that provided for the eventual reinstatement of the plaintiff after medical rehabilitation. The plaintiff, unhappy with a provision of the agreement requiring him to acknowledge his guilt, refused to sign the agreement. In consequence, on January 12, 1978, he was discharged. Thirty-two months later (September 8, 1980) the plaintiff commenced this action for wrongful termination against Edison and Godfrey, for breach of the duty of fair representation against the union local and its president, the defendant Murphy, and for libel against all four. The judge ordered the entry of summary judgment for all defendants on the claims for wrongful termination and breach of the duty of fair representation and for the union and Murphy on the claim for defamation. The defamation claim against Edison and Godfrey went to trial, resulting in directed verdicts for both defendants. The case is here on the plaintiff's appeal from the resulting judgment.

1. No argument is made that the verdicts for Edison and Godfrey were improperly directed. As to those counts the appeal is waived. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See *Anthony's Pier Four, Inc.* v. *Crandall Dry Dock Engineers, Inc.*, 396 Mass. 818, 821 n.4 (1986).

2. The claims for wrongful termination and breach of the duty of fair representation constitute a hybrid wrongful termination/fair representation

[1] John J. Godfrey, Local Union No. 387, Utility Workers Union of America, A.F.L. - C.I.O., and Valentine P. Murphy.

action under § 301 of the Federal Labor Management Relations Act, 29 U.S.C. § 185 (1982). Such an action may be brought in a State court, *Charles Dowd Box Co.* v. *Courtney*, 368 U.S. 502, 506 (1962), but Federal law controls over inconsistent State law. *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers* v. *Lucas Flour Co.*, 369 U.S. 95, 101-104 (1962). Under Federal law, a uniform limitations period applies to actions brought against the employer and the union; namely, the six-month limitations period specified in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1982). *DelCostello* v. *International Bhd. of Teamsters*, 462 U.S. 151, 169-171 (1983). The six-month limitations period applies retroactively in the First Circuit, both to causes of action that accrued prior to the *DelCostello* decision, *Graves* v. *Smith's Transfer Corp.*, 736 F.2d 819, 820-822 (1st Cir. 1984), and to those actually commenced (as was this action) prior to the *DelCostello* decision, *Scaglione* v. *Communications Wkrs., Local 1395*, 759 F.2d 201, 202 (1st Cir.), cert. denied, 106 S.Ct. 251 (1985). Other courts of appeal generally agree that the *Del Costello* decision is to be applied retroactively. See *Welyczko* v. *U.S. Air, Inc.*, 733 F.2d 239 (2d Cir.), cert. denied, 469 U.S. 1036 (1984); *Perez* v. *Dana Corp.*, 718 F.2d 581 (3d Cir. 1983); *Zemonick* v. *Consolidation Coal Co.*, 796 F.2d 1546 (4th Cir.) (en banc), cert. denied, 107 S.Ct. 671 (1986); *Gray* v. *Amalgamated Meat Cutters Local 540*, 736 F.2d 1055 (5th Cir. 1984); *Smith* v. *General Motors Corp.*, 747 F.2d 372 (6th Cir. 1984); *Landahl* v. *PPG Indus., Inc.*, 746 F.2d 1312 (7th Cir. 1984); *Lincoln* v. *District 9 of the Intl. Assn. of Machinists & Aerospace Wkrs.*, 723 F.2d 627 (8th Cir. 1983); *Rogers* v. *Lockheed-Georgia Co.*, 720 F.2d 1247 (11th Cir. 1983), cert. denied, 469 U.S. 916 (1984). But see *Barina* v. *Gulf Trading & Transp. Co.*, 726 F.2d 560 (9th Cir. 1984); *Jones* v. *Consolidated Freightways Corp.*, 776 F.2d 1458 (10th Cir. 1985). No contention is made that the causes of action accrued later than the date of the plaintiff's discharge. The six-month limitations period thus expired long before this action was commenced. The counts for wrongful termination and unfair representation are thus time-barred. The limitations defense was properly raised in the amended answer filed by Edison and Godfrey in response to the amended complaint (compare *DiGregorio* v. *Commonwealth*, 10 Mass. App. Ct. 861, 862-863 [1980]) and by the union and Murphy in their motion to dismiss the amended complaint (compare *Epstein* v. *Seigel*, 396 Mass. 278, 279 [1985]).

3. The libel claims against the union and Murphy are based on Murphy's publication of the draft agreement which the plaintiff refused to sign. After the original meeting on October 31, 1977, at which the plaintiff was suspended, a second meeting with the plaintiff was held, this one on December 13, 1977. It was attended by Godfrey, Murphy, the plaintiff, the plaintiff's wife, who came with the plaintiff's consent, and a physician employed or engaged by Edison. Prior to the December meeting, Edison and the union had settled on terms which would provide for the eventual reinstatement of

the plaintiff, but the typewritten agreement was not ready for signature at the December meeting. The plaintiff by answers to interrogatories contested that he or his wife knew at the December meeting the precise content of the agreement he would be asked to sign, but he makes no contention that his wife at that time did not know the gist of the charges that underlay his suspension. The typed agreement, signed by Murphy and Godfrey, did not spell out the charges. In this respect it only called on the plaintiff to agree that "[t]he suspension of October 31, 1977 was justified" and that his "offense [was] a proper cause for discharge." The document that constitutes the alleged libel, in other words, did not disclose the charges against the plaintiff to the reader. The reader would have to know the charges already to understand the factual allegations implicit in the agreement.

Murphy and (through him) the union are charged with publication to two individuals. The first is a secretary, one "S.R.", who put his or her identifying initials on the cover letter that Murphy sent to the plaintiff's wife with the agreement to be signed. There was no evidence that the secretary typed or even saw the agreement, much less that he or she would have understood its content. The second is the plaintiff's wife, who would have understood the innuendo of the allegedly libelous statements but would also have understood Murphy's signature not as an assertion of the truth of the charges but as a concession in an over-all settlement agreement intended partly for the plaintiff's benefit.

The plaintiff concedes that the actual malice standard of *New York Times* v. *Sullivan*, 376 U.S. 254, 279-280 (1964), applies to the libel count against the union and Murphy. See *Aarco, Inc.* v. *Baynes*, 391 Mass. 560, 564 (1984). In context the statement attributed to Murphy denying the plaintiff's guilt ("Joe, I know you didn't do it, but in my opinion it's the best avenue for you to take") is not a basis for finding that Murphy knew to be false the charges that he conceded in the agreement to be justified; and his addressing the cover letter to the plaintiff's wife rather than the plaintiff cannot be considered malicious or reckless in view of the facts that (1) the plaintiff's wife already understood the charges and (2) all parties (as the plaintiff in his deposition concedes) were concerned at the time that the plaintiff was "not capable" and was in need of rehabilitation. The suggestion that Murphy may have been hostile to the plaintiff because the plaintiff had supported another candidate in the election of the local's president is, on the record, an unsubstantiated allegation of improper motive inadequate to defeat a properly supported motion for summary judgment. *Humphrey* v. *National Semiconductor Corp.*, 18 Mass. App. Ct. 132, 136 (1984).

*Judgment affirmed.*

*Regina Williams Tate* for Local Union No. 387, Utility Workers Union of America, A.F.L. - C.I.O., & another.

*Regina E. Roman* (*Edward J. Barshak & Christine M. Netski* with her) for Boston Edison Company.

*Martha B. Kleinerman*, for the plaintiff, submitted a brief.