NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1014

EMORY G. SNELL, JR.

vs.

ALBERT C. BIELITZ, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Emory G. Snell, Jr., appeals from a judgment of the Superior Court dismissing this case.  The plaintiff sued his former attorney, Albert C. Bielitz, Jr., for malpractice in 2000.  The Superior Court granted the defendant's motion to dismiss based on the running of the statute of limitations before Snell filed his civil case.  We affirm.

The plaintiff was tried for and convicted of his wife's murder in 1995.[1]  The defendant acted as the plaintiff's trial counsel.  Later that year, in October 1995, the plaintiff filed a complaint with the Board of Bar Overseers against the

_____

    [1] We draw the undisputed facts from the judge's memorandum of decision and order on the defendant's motion to dismiss.

defendant.  Nearly five years later, in 2000, the plaintiff brought this legal malpractice suit claiming ineffective assistance in the murder case.  After a dispute about the adequacy of service the defendant moved to dismiss the case in February 2001; it appears there was no ruling on that motion.

The plaintiff had filed numerous cases against a variety of defendants, which a judge of the Superior Court "fused" into one docket in 2002, erroneously (it appears) including this legal malpractice case.  The docket reflects multiple motions by the plaintiff to sever this case from the other cases, the last of which (filed in March 2019) was allowed in 2020.  In February 2021, the defendant's counsel[2] again moved to dismiss this case and this motion was allowed by a different judge of the Superior Court in August 2021.

We review the granting of a motion to dismiss de novo. Martinez v. Waldstein, 89 Mass. App. Ct. 341, 345 (2016).  Out of an abundance of caution, the Superior Court judge applied the motion to dismiss standard applicable when the plaintiff filed his complaint in 2000, which was set by Nader v. Citron, 372 Mass. 96 (1977).  We do the same here.

---

[2] The defendant passed away in 2020 but counsel filed the motion on his behalf.  We note that "[a]ctions of contract based on malpractice survive the death of an attorney."  Ryan v. Ryan, 419 Mass. 86, 89 (1994).

2

Under Nader, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  372 Mass. at 98, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Further, we accept the allegations of the complaint, and reasonable inferences drawn therefrom in the plaintiff's favor, as true.  See Nader, supra.  "A motion to dismiss under rule 12 (b) (6) is an appropriate vehicle for raising" a statute of limitations defense.  Epstein v. Seigel, 396 Mass. 278, 279 (1985).

Malpractice actions against attorneys "shall be commenced only within three years next after the cause of action accrues."  G. L. c. 260, § 4.  "[T]he statute of limitations starts to run when an event or events have occurred that were reasonably likely to put the plaintiff on notice that someone may have caused [him] injury."  Bowen v. Eli Lilly & Co., 408 Mass. 204, 207 (1990).  "The plaintiff need not know the full extent of the injury before the statute starts to run."  Id.

Here, the plaintiff was convicted on September 1, 1995, and in October 1995 he filed a Board of Bar Overseers complaint against the defendant alleging ineffective assistance of counsel.  By October 1995, then, the plaintiff was on notice that his trial attorney may have caused him injury and the

3

statute of limitations started to run.  See Bowen, 408 Mass. at 207.  The plaintiff brought this action in August 2000, more than five years after his cause of action accrued.  Therefore, this action is barred by the three-year statute of limitations under G. L. c. 260, § 4.  See Nader, 372 Mass. at 98.[3]

Although the defendant makes numerous arguments on appeal alleging wrongdoing by the Superior Court, he does not address the statute of limitations.  We have considered these arguments and acknowledge that the plaintiff has waited a long time -- over twenty years -- for the resolution of this action.  However, the statute of limitations operates as a bar to the consideration of the plaintiff's late-raised claim and all related arguments.

Judgment entered August 12, 2021, affirmed.

By the Court (Henry, Hershfang & Smyth, JJ.[4]),

Paul Little

Clerk

Entered:  July 2, 2024.

---

[3] The current motion to dismiss standard, Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), is more demanding, and thus dismissal would be proper under that standard as well.

[4] The panelists are listed in order of seniority.

4