UNITED STATES of America,
Plaintiff-Appellant,

v.

5.00 ACRES OF LAND, MORE OR LESS, SITUATE IN ORANGE COUNTY, STATE OF TEXAS, and the Firestone Tire and Rubber Company, et al., Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

6.90 ACRES OF LAND, MORE OR LESS, SITUATE IN ORANGE COUNTY, STATE OF TEXAS, and the Firestone Tire and Rubber Company, et al., Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

8.41 ACRES OF LAND, MORE OR LESS, SITUATE IN ORANGE COUNTY, STATE OF TEXAS, and KWW Associates, et al., Defendants-Appellees.

No. 83–2427.

United States Court of Appeals,
Fifth Circuit.

May 14, 1984.

David C. Shilton, Atty., Robert L. Klarquist, Dept. of Justice, Appellate Section, Land & Natural Resources Division, Washington, D.C., for plaintiff-appellant.

George W. Brown, Jr., Beaumont, Tex., for defendants-appellees.

Before GEE, RANDALL and JOHNSON, Circuit Judges.

PER CURIAM:

This condemnation proceeding arises out of the taking of several multiple pipeline easements by the Government for construction of the Strategic Petroleum and Reserve Pipeline. We need not rehash the prior events in this protracted litigation, as the case history is set forth at length in *United States v. 8.41 Acres of Land, etc.,* 680 F.2d 388 (5th Cir.1982), an opinion of this Court written on a prior appeal in this case. In that opinion, this Court reversed the district court's judgment, 507 F.Supp. 589, and remanded with instructions for the district court to render a judgment based upon the existing evidentiary record; this

Court stated that it was unnecessary to conduct additional hearings.

Upon remand, nevertheless, the district judge, *sua sponte* ordered additional evidentiary hearings and proceeded to hear evidence. The Government sought a writ of mandamus from this Court directing the district court to comply with this Court's prior order. This Court declined to grant the writ of mandamus. The district judge continued to hear new evidence and thereafter rendered a judgment that awarded the landowners substantial severance damages unsupported by evidence other than that adduced in the additional evidentiary hearings, 576 F.Supp. 685. The Government appeals to this Court alleging that the district court violated this Court's clear mandate. We reverse and remand.

The declaration of this Court[1] in the prior appeal with regard to the outcome and the district court's task on remand was very clear.

In an exercise of the power of eminent domain, due process requires that the owners be given an opportunity to be heard on the issue of compensation. *Bragg v. Weaver*, 251 U.S. 57, 58–59, 40 S.Ct. 62, 63 [64 L.Ed. 135] (1919). The landowners had an opportunity to prove the market value of the tracts was higher than established by the Government, but failed to meet this burden; they only presented evidence of comparable sales of pipeline right-of-way. Accordingly, *it is unnecessary to conduct additional hearings on determining the fair market value of the parcels.* The cause is thus remanded to the district court for determination of the fair market value, *with instructions to rely upon the evidentiary record as it presently exists.* In calculating the fair market value, the district court shall consider the highest and best use of the tracts as industrial plant sites and *shall base an award of compensation for both permanent and temporary easements upon the evi-*

*dence of comparable sales submitted by the Government.*

The district court's judgment is reversed and this cause remanded for an award of compensation based upon the before-and-after method of valuation *utilizing the Government's evidence of comparable sales for industrial plant sites.*

*United States v. 8.41 Acres of Land*, 680 F.2d at 395, (emphasis added).

The district court was instructed to "consider the highest and best use of the tracts as industrial plant sites and [to] base an award of compensation for both permanent and temporary easements upon the evidence of comparable sales submitted by the Government"; to use the before-and-after method of valuation; and above all, to "rely on the evidentiary record as it presently exists." *Id.* The mandate of the Court issued on September 9, 1982.

On remand the landowners sought to introduce additional evidence. The Government objected that this contravened the Court of Appeals' express direction that the award be based on the existing evidentiary record. The district court allowed the testimony, stating that "I do not believe that the court of appeals has a right to dictate to the district court what evidence he shall hear...." In addition, the district court, *sua sponte,* ordered that yet another hearing be set. It was at this point that the Government determined to seek a writ of mandamus from this Court on grounds that the district court was expressly disobeying its mandate. The landowners maintained that neither they nor the district court was planning to go beyond the existing evidentiary record at the upcoming hearing.

Upon consideration of the application for writ of mandamus[2] this Court stated:

Upon remand to the district court the instruction of this Court was that the determination of fair market value was

---

[1] Before the initial or first panel of this court to hear this case.

[2] By a different and second panel of this Court.

to be made in reliance "Upon the evidentiary record as is presently exists."

This Court's mandate directed that the record was to be considered closed, and judgment was to be entered in accordance with the government's theory of valuation on the government's evidence of comparable sales for industrial plant sites. *It is of course the responsibility of the district court to follow the mandate of this Court without deviation * * *, and we are confident that the able and experienced district judge will do so.*

(emphasis added).

Despite the caution and deference of this Court in denying the application for writ of mandamus, the district court appears to have avoided compliance with this Court's directive. Hence this Court [3] must once again consider this same case; and once again reverse the district court's judgment.

This Court originally remanded the case so that the district court could determine an award based on the before-and-after method of valuation, viewing the tracts as industrial sites and using the comparable sales introduced by the Government's witnesses. However, there is no longer any dispute as to what the before-and-after value should be, at least when the properties are considered as industrial sites and improper severance damages are eliminated. This is so, because the landowners have conceded, in their memorandum in support of motion for awards of just compensation and entry of judgment, that the before taking value of the tracts, assuming a highest and best use as industrial cites, was $3500 per acre, and the after taking value of the area subject to the easements was $350 per acre. Moreover, the landowners conceded that compensation for the temporary work easement should be calculated by awarding 32% of the value of the affected acreage, taken at a value of $3500 per acre. Finally, they conceded the correctness of the Government's calculation of the number of acres involved. Hence, we remand the case, once again, to the district court with instructions to render judgment in favor of the landowners on the basis of the following computations:

GOVERNMENT'S COMPUTATION OF JUST COMPENSATION

| ITEM NUMBER | KWW Tracts 313E–1 & E–2 | Firestone Tracts 314E–3 & E–4 | Firestone Tracts 338E–1 & E–2 |
|---|---|---|---|
| Before-taking value | $612,500 | $1,190,000 | $882,000 |
| After-taking value | $595,805 | $1,180,568 | $869,873 |
| Before Value less After Value | $ 16,695 | $ 10,500 | $ 12,127 |
| Just compensation due for temporary easement | $ 3,483 | $ 2,195 | $ 3,114 |
| Severance Damages to 2 acre piece of Firestone property | | | $ 3,500 |
| TOTAL | $ 20,178 | $ 12,695 | $ 18,741 |
| Total Compensation | $ 20,178 | $ 31,436 | |
| Amount of deposit | $ 30,888 | $ 18,964 | |
| Compensation less deposit | ($ 10,710) | $ 12,472 | |

According to this computation, the Government should pay Firestone $12,472.00 plus interest from the date of taking, for the amount by which total compensation exceeds the amount of deposit. Likewise, KWW Associates should reimburse the Government $10,710.00, since the amount of deposit for KWW was that

---

**3.** By a different and third panel of this Court.

much larger than total compensation. However, KWW should pay interest only from the date of final judgment. *See, United States v. 3,317.39 Acres (Jefferson County)*, 481 F.2d 417, 420 (8th Cir.1973) (Government may only collect interest from date of final judgment). Finally, we direct that each party to this proceeding shall bear its own attorney's fees.

REVERSED AND REMANDED.