**UNITED STATES of America**

**v.**

**8.41 ACRES OF LAND, SITUATE IN ORANGE COUNTY, TEXAS, KWW Associates, et al.**

**UNITED STATES of America**

**v.**

**5.00 ACRES OF LAND, SITUATE IN ORANGE COUNTY, TEXAS, the Firestone Tire & Rubber Co., et al.**

**UNITED STATES of America**

**v.**

**6.90 ACRES OF LAND, SITUATE IN ORANGE COUNTY, TEXAS, the Firestone Tire & Rubber Co., et al.**

Civ. A. Nos. B–78–169–CA–1547–3, B–78–170–CA–1547–3 and B–78–176–CA–1547–3.

United States District Court, E.D. Texas, Beaumont Division.

July 20, 1984.

David C. Shilton, Washington, D.C., and Geo. A. Phair, Beaumont, Tex., for the government.

George Brown, Beaumont, Tex., for defendants.

### FINAL JUDGMENT

JOE J. FISHER, District Judge.

This case returns once again to the district court on remand from the Court of Appeals for the Fifth Circuit, this time "with instructions to render judgment in favor of the landowners on the basis of the [Government's] computations ...". *United States v. 5.00 Acres of Land, More or Less*, 731 F.2d 1207, 1209 (5th Cir.1984).

In its previous order of remand, the Court of Appeals directed the district court

to rely upon the evidentiary record as it presently exists. In calculating the fair market value, the district court shall consider the highest and best use of the tracts as industrial plant sites and shall base an award of compensation for both permanent and temporary easements upon the evidence of comparable sales submitted by the Government.

*United States v. 8.41 Acres of Land,* 680 F.2d 388, 395 (5th Cir.1982.)

Denying the Government's subsequent petition for writ of mandamus, the Court of Appeals reiterated its mandate that "the record was to be considered closed, and judgment was to be entered in accordance with the Government's theory of valuation on the Government's evidence of comparable sales for industrial plant sites." *In Re United States of America,* No. 83–2080, slip op. (5th Cir. Feb. 22, 1983). The district court thereafter allowed the parties to present additional testimony and argument before entering judgment.

Understanding the "Government's theory of valuation" to mean the before-and-after method of valuation as applied in this Circuit, the district court thereafter used *only* the Government's evidence of comparable sales to compute "the difference in value of the entire tract before the taking and the value of the portion remaining after the taking." See *United States v. 8.41 Acres,* 680 F.2d at 392 n. 5; *United States v. 158.24 Acres of Land, Etc.,* 515 F.2d 230, 233 (5th Cir.1975); *Transwestern Pipeline Co. v. O'Brien,* 418 F.2d 15, 21 (5th Cir.1969).

The Government defined the parent tracts: as to KWW, 175 acres; as to Firestone, 252 acres and 340 acres. Relying upon comparable sales of industrial plant sites, the Government's valuation expert put a value of $3500 per acre on each of the parent tracts. (Condemnation Commission Hearings Transcript, p. 329) The district court applied that value to the acreage of the three parent tracts to establish "before-taking" values. The Government witness testified to one sale of property comparable to that remaining after the taking, i.e., an industrial site burdened with an analagous easement. (Id., pp. 312–15). Such sale was the *only* evidence introduced by the Government of the market value of the land as burdened with the easement. That comparable tract sold for $3152 per acre. (Id., at 313). The court multiplied that value by the area of the tracts remaining after the takings to calculate "after-taking" values, and subtracted the results from the "before-taking" values determined by the Government witness. *United States v. 8.41 Acres of Land Situate in Orange County,* 576 F.Supp. 685, 691–92 (E.D.Tex.1983).

Given the limited evidence available, the district court properly applied the before-and-after method of valuation. Moreover, the court based the award of compensation solely upon the evidence of comparable sales submitted by the Government. Despite the district court's undeviating adherence to its instructions and careful reliance upon only the Government's evidence, the Court of Appeals inexplicably concluded that the district judge awarded damages "unsupported by evidence other than that adduced in the additional evidentiary hearings." *United States v. 5.00 Acres,* 731 F.2d at 1208.

The district court's willingness to hear additional arguments and evidence apparently led the Court of Appeals to conclude that the district court not only *heard* additional evidence but *relied* upon it as well. The conclusion is erroneous and is manifestly unsupported by the record.

No useful evidence was adduced in the hearings and the court relied entirely upon the Government's evidence in the original record in executing its duty as finder of fact.

The Government approach to valuation, endorsed by the Court of Appeals, is inconsistent with both the law in this Circuit and the Constitutional requirement of just compensation. Leaving aside the more fundamental problem of just compensation—that the Government here pays but a small fraction of the price other buyers pay for the

same property rights—the Government misused the before-and-after method in valuing the taking. Moreover, the mandated computation of the takings ignores the evidence the district court was directed to rely upon—comparable sales—and substitutes the feeling of an appraiser as to how much of "the bundle of rights" the landowners lost in the taken strips. (Condemnation Commission Hearings, Transcript pp. 323, 361)

The following computations accurately describe the Government approach to the before and after method:

| ITEM NUMBER | KWW TRACTS 313E–18E–2 | FIRESTONE 314E–38E–4 | TRACTS 338E–18E–2 |
|---|---|---|---|
| Value of Industrial Sites | $3500/acre | $3500/acre | $3500/acre |
| Area of Pipeline Corridor | × 5.3 acres | ×3.05 acres | ×3.85 acres |
| Value of Burdened acreage | $18,500 | $10,675 | $13,474 |
| Diminution in value | × 90% | × 90% | × 90% |
| Just Compensation Due for permanent easement | $16,695 | [9608] $10,500* | $12,127 |

The above computations detail the Government's experts' calculation of damages to the pipeline corridor acreage.

| | KWW TRACTS | FIRESTONE | TRACTS |
|---|---|---|---|
| Value of Industrial Sites | $3500/acre | $3500/acre | $3500/acre |
| Area of parent tracts × | 175 acres | 340 acres | 252 acres |
| Before-taking value of parent tract | $612,500 | $1,190,000 | $882,000 |
| Less Just Compensation due for permanent easement | − 16,695 | − 10,500 | − 12,127 |
| "After-taking value" of parent tracts as burdened with permanent easement | $595,805 | $1,180,568 | $869,873 |

The second set of computations show how the "after-taking" values of the parent tracts were determined by the Government's expert. Opining that the perpetual permanent easement in no way affected the value of the remaining acreage, the expert "backed into" the conventional before and after formula and added temporary easement and severance damages.

| | KWW TRACTS | FIRESTONE | TRACTS |
|---|---|---|---|
| Before-taking value of parent tracts | $612,500 | $1,190,000 | $882,000 |
| After-taking value of parent tracts | − 595,805 | − 1,180,568 | − 869,873 |
| Before value less after value | 16,695 | 10,500 | 12,127 |
| Just compensation due for temporary easement | 3,483 | 2,195 | 3,114 |
| Severance damages to 2 acre piece of Firestone property | | | 3,500 |
| TOTAL | 20,178 | 12,695 | 18,741 |
| Total compensation | 20,178 | 31,436 | |
| Amount of deposit | 30,888 | 18,964 | |
| | ($10,710) | $12,472 | |

* This amount is from the Government's computations of damages, adopted by the Court of Appeals, but is the result of faulty arithmetic and failure to review the evidence of record. See Commission Transcript p. 361.

---

While the court, as finder of fact, did not find credible the expert's opinion of no damage to the remaining acreage—particularly in light of Government evidence to the contrary—and remains troubled by the Government's ability to take property rights for less than market value, the mandate is in one respect clear. The district court must comply "with [its] instructions to render judgment in favor of the landowners on the basis of the [Government's Computation of Just Compensation]" as shown above. *United States v. 5.00 Acres*, 731 F.2d at 1209. Accordingly, it is

■ ORDERED, ADJUDGED AND DE-CREED that: "the Government should pay Firestone $12,472.00 plus interest from the date of taking, for the amount by which total compensation exceeds the amount of deposit. Likewise, KWW Associates should reimburse the Government $10,-710.00 since the amount of deposit for KWW was that much larger than total compensation. However, KWW should pay interest only from the date of [this] final judgment ... [citations omitted] ... Finally, we direct that each party to this proceeding shall bear its own attorney's fees." Id.