COLONIAL LEASING OF NEW ENGLAND, INC. d/b/a Colonial-Pacific Leasing Co., Plaintiff-Appellee,

v.

LOGISTICS CONTROL INTERNATIONAL, et al., Defendants-Appellants.

No. 84–2238.

United States Court of Appeals, Fifth Circuit.

Sept. 9, 1985.

Werner A. Powers, Barbara E. McElroy, Dallas, Tex., for Logistics, London & Gulf.

Mark K. Glasser, Houston, Tex., Otis W. Carroll, Tyler, Tex., for plaintiff-appellee.

Before GOLDBERG, RUBIN and HILL, Circuit Judges.

PER CURIAM:

Appellants Logistics Control Group International Ltd., London Capital Corporation (collectively Logistics) and Gulf Ports Crating Company (Old Gulf Ports) have filed a Petition for Panel Rehearing in which they challenge, first, our decision to remand this case for a new trial, asserting that since Appellee Colonial Leasing Company of New England, Inc. d/b/a Colonial-Pacific Leasing Company (Colonial) failed to establish a prima facie case of its creditor status when it closed its case, the proper decision was to render judgment in Colonial's favor, and, second, that in the event of a remand for new trial, the scope of that trial should not be limited to the issue of Colonial's "creditor status" at the time of the alleged fraudulent transfer of assets involved in this case, but rather to all of the other elements Colonial was required to prove in order to assert its right to relief under the Texas Fraudulent Transfer Act (the Act), Tex.Bus. & Com.Code Ann. § 24.02, 24.03 (Vernon 1968). We are of the opinion that Appellants' first challenge is without merit and thus should be denied. However, we are of the opinion that the second challenge is meritorious and this case should be remanded to afford Appellants an opportunity to present evidence on all issues essential to the establishment of Colonial's case. In so concluding, we add the following comments.

■ In our panel opinion, 762 F.2d 454, we held that at the time Colonial closed its case it had failed to prove its creditor status entitling it to relief under the Act. Relying on this failure of proof, Appellants did not offer evidence on any aspects of the case. In vacating the judgment in favor of Colonial, we were of the opinion that remand of this case should be limited to the issue of Colonial's creditor status. We are now of the opinion that the decision not to offer any evidence at the time Colonial closed its case should not prevent Appellants on remand from offering evidence on every issue essential to Colonial's right to recover under the Act.

Under Fed.R.Civ.P. 59(a) "[a] new trial may be granted to all or any of the parties and on all or part of the issues...." This authority of the district court is also vested in courts of appeals. *Atkinson v. Dixie Greyhound,* 143 F.2d 477, 479 (5th Cir.), cert. den., 323 U.S. 758, 65 S.Ct. 92, 89 L.Ed. 607 (1944); *see also* 28 U.S.C. § 2106. Courts of appeals have a broad discretion when new trials are granted to do so on all or some of the issues. *Hasbrouck v. Texaco, Inc.,* 663 F.2d 930 (9th Cir.), *cert. den.,* 459 U.S. 828, 103 S.Ct. 63, 74 L.Ed.2d 65 (1982). Ordinarily, "[p]artial new trials should not be resorted to 'unless it appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Caskey v. Village of Wayland,* 375 F.2d 1004 (2nd Cir.1967), (quoting *Gasoline Products Co. v. Champlin Refining Co.,* 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931)). Therefore, when the issues subject to retrial are so interwoven with other issues in the case that they "cannot be submitted to the jury independently ... without confusion and uncertainty, which would amount to a denial of a fair trial," then it is proper to grant a new trial on all of the issues raised. *Gasoline Products,* 283 U.S. at 500, 51 S.Ct. at 515.

Colonial's right to recover under the Act was a twofold one: it had to establish that it was "an existing creditor" of Old Gulf Ports at the time of the transfer of Old Gulf Ports' assets in December 1980 to Logistics and that the transfer was intended to hinder or defraud Colonial in the collection of Old Gulf Ports' debt to it. Proof that Colonial was "an existing creditor" prior to the December 1980 transfer could be accomplished by proof of the assertion of a cause of action against Old Gulf Ports which had accrued prior to the transfer; however, Colonial had to further establish that the cause of action against Old Gulf Ports was reduced to judgment. Inclusive within a remand on the issue of Colonial's creditor status will be issues relating to whether the Oregon judgment that Colonial obtained against Old Gulf Ports and which it relied upon in establishing its creditor status was obtained fraudulently or with the collusion of Old Gulf Ports. 762 F.2d at 461. We are unprepared to say that a retrial on these issues dealing with Colonial's creditor status are "so distinct and separable" from those dealing with whether Old Gulf Ports' transfer of assets to Logistics was intended to hinder or defraud Colonial in the collection of its debt from Old Gulf Ports that no injustice to Appellants would occur here if we ordered a retrial only on Colonial's creditor status.

Appellants were prepared to go forward had not Colonial failed in its proof as to its creditor status and offer evidence as to whether the transfer of assets violated the Act in other respects. Specifically, evidence as to the adequacy of the consideration of the transfer and lack of intent on the part of the parties to the transfer to hinder or defraud Colonial in the collection of the debt owed by Old Gulf Ports would have been offered. Concededly, this evidence would have relevancy as well to Colonial's creditor status. Such status would involve the relationship of the parties with each other, the nature and essence of the lease agreement between Colonial and Old Gulf Ports, the basis and claims of the Oregon suit and the facts giving rise to entry of the Oregon judgment. There is not only an interdependence of issues here, interwoven as they are in creating a chain giving a right to recover under the Act, but also an overlapping of proof relevant on the issues. Accordingly, we deem it in the interest of justice and fairness to order a new trial on all issues relevant to Colonial's right to recover under the Act, rather than solely to the issue of Colonial's creditor status. To expect a future jury as a finder of fact to be able to discriminate in its treatment of the evidence as to the creditor status of Colonial solely to that single question would, we feel, be asking too much. It would lead to that "confusion and uncertainty" the Court in *Gasoline Products* was concerned with and which could result in the "denial of a fair trial." *Sears v. Southern Pacific Company,* 313

**482**

F.2d 498 (9th Cir.1963) (where evidence would largely be the same on retrial, a jury should be permitted to apply it to all issues rather than an isolated one).

In our decision to remand this case for a trial on all issues raised under Colonial's right to recover under the Act, we are mindful that whatever prejudice results therefrom to Colonial on having to relitigate issues on which it has obtained a favorable jury verdict is adequately answered by our decision to grant a new trial in this case on a record that would otherwise have called for an instructed verdict against Colonial under Fed.R.Civ.P. 41(b) because of its failure to make out a prima facie case when it closed. If we be concerned that any legal niceties are being trampled by our remand on all issues it is answered by our holding in *Youngstown Sheet and Tube Co. v. Lucey Products Co.*, 403 F.2d 135 (5th Cir.1968). There we recognized that rules of legal nicety should not be so employed so as to infringe on the basic right of a litigant to have his day in court, for to do so would violate the spirit of the Federal Rules of Civil Procedure and could lead to an unjust result. *Id.* at 140. In *Youngstown Sheet* we took special note that the equities arising from the circumstances of a case should be considered in remanding a case and they should be employed "to insure that substantial justice is done." *Id.* at 141. We do the same here.

Appellants Petition for Rehearing is denied in part and granted in part; the proceedings on the remand of this case shall be consistent with our holding above.