**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**8.41 ACRES OF LAND, etc., et
al., Defendants,**

**KWW Associates, et al., and the
Firestone Tire and Rubber Co.,
Defendants-Appellants.**

**No. 85–2536
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 3, 1986.

George W. Brown, Jr., Beaumont, Tex., for defendants-appellants.

Louis Beard, Beaumont, Tex., David C. Shilton, Atty., Appellate Sec., Lands Div., Robert L. Klarquist, Atty., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

PER CURIAM:

KWW Associates ("KWW") and Firestone Tire & Rubber Company ("Firestone") appeal from the district court's entry of judgment in this land condemnation action which was brought by the United States in order to obtain pipeline easements for part of the United States' Strategic Petroleum Reserve facilities. This is the third appeal in this protracted litigation and the fifth time that this case has been before this Court. On appeal, KWW and Firestone challenge the methodology for calculation of the compensation award due it which was mandated by this Court in the first two appeals of this case. In addition, KWW and Firestone challenge this Court's decision in the initial appeal to foreclose further evidentiary development on remand of the case. Because the prior decisions of this Court are law of the case, the judgment of the district court, which is in exact accordance with this Court's prior opinions, is affirmed.

## I. BACKGROUND

As the fifth panel of this Court to address the present litigation, only a brief summary of the pertinent facts is necessary. This case arose in March of 1978 when the United States sought to condemn pipeline easements across three parcels of land for the purpose of constructing multiple pipelines as part of the Government's Strategic Petroleum Reserve facilities. Two of those parcels were owned by Firestone, and the third parcel was owned by KWW. Previously existing pipeline easements crossed all three parcels of land.

The procedural history of this case is fairly complex, however. A condemnation commission was appointed pursuant to Fed. R.Civ.P. 71A, and the commission recommended substantial compensation for the landowners pursuant to the legal theory presented by KWW and Firestone. The district court accepted that determination with one modification. *United States v. 5.00 Acres of Land*, 507 F.Supp. 589 (E.D. Tex.1981).

That decision was reversed by this Court and the case remanded. *United States v. 8.41 Acres of Land*, 680 F.2d 388 (5th Cir. 1982). KWW and Firestone had asserted to both the commission and the district court that the condemned tracts of land were constructively severed from each of the three parent tracts. Labeling this theory as "unorthodox", 680 F.2d at 391, this Court held that the district court and commission were clearly erroneous in finding that the strips of condemned land were severed from their parent tracts. 680 F.2d at 394. Moreover, this Court noted that, in the Fifth Circuit, the exclusive method of valuation in a partial-taking case is the difference between the value of the parent tract before the taking and its value after the taking. 680 F.2d at 392 & n. 5. That method was explicitly applied by this Court to the valuation of pipeline easements in *Transwestern Pipeline Co. v. O'Brien*, 418 F.2d 15, 21 (5th Cir.1969), many years prior to the instant litigation. This Court further held that the Government's characterization of the use and value of the con-

demned acreage was "appropriate and proper" and that the Government's calculations were "uncontested." 680 F.2d at 395.

Finally, this Court held:

In an exercise of the power of eminent domain, *due process requires that the owners be given an opportunity to be heard on the issue of compensation. The landowners had an opportunity to prove the market value of the tracts was higher than established by the Government, but failed to meet this burden; they only presented evidence of comparable sales of pipeline right-of-way. Accordingly, it is unnecessary to conduct additional hearings on determining the fair market value of the parcels.* The cause is thus remanded to the district court for determination of the fair market value, *with instructions to rely upon the evidentiary record as it presently exists.* In calculating the fair market value, the district court shall consider the highest and best use of the tracts as industrial plant sites and shall base an award of compensation for both permanent and temporary easements upon the evidence of comparable sales submitted by the Government.

680 F.2d at 395 (emphasis added, citations omitted, footnote omitted). This Court denied en banc rehearing of the panel decision. 685 F.2d 1385 and 1386 (5th Cir. 1982).

What should have been the end of this case, however, turned out to be only the beginning. Contrary to this Court's mandate, the district court held additional hearings. This case appeared before this Court for a second time when the Government petitioned for a writ of mandamus to prevent those additional evidentiary hearings. A second panel of this Court denied the petition, although it reiterated the mandate of this Court that the evidentiary record was closed. The district court then entered findings of fact and conclusions of law awarding the condemnees substantially more compensation than it had awarded initially. *United States v. 8.41 Acres of Land,* 576 F.Supp. 685 (E.D.Tex.1983).

Yet a third panel of this Court reversed, and ordered the district court to award judgment in accordance with this Court's specific calculations. *United States v. 5.00 Acres of Land,* 731 F.2d 1207, 1209–10 (5th Cir.1984) (per curiam). The district court complied with this Court's mandate, albeit with considerable reluctance. *United States v. 8.41 Acres of Land,* 592 F.Supp. 829, 831–32 (E.D.Tex.1984). Subsequently, however, the district court granted KWW's and Firestone's motion for a new trial on the ground that the interests of justice so required. *United States v. 8.41 Acres of Land,* 595 F.Supp. 731, 735 (E.D.Tex.1984). The Government petitioned this Court for a writ of mandamus which was granted. A fourth panel of this Court granted the petition in an unpublished opinion, holding that "a new trial would serve no purpose other than that of circumventing the mandate issued by a prior panel of this court." *In re United States,* 759 F.2d 20 slip op. at 3 (5th Cir.1985) (per curiam) 759 F.2d 201 (unpublished). The district court complied, vacating its order for a new trial and entering final judgment in the amounts specified by this Court in the second appeal. KWW and Firestone now appeal for the third time.

## II. DISCUSSION

On appeal, KWW and Firestone contend that the compensation ordered by this Court is not just compensation within the requirements of the Fifth Amendment because it fails to account for the element of value represented by the existence of a pipeline corridor or alley across the servient tracts of land. In addition, the landowners contend that they are deprived of property without due process of law because this Court, in the first appeal, declined to allow reopening of the evidentiary record to provide KWW and Firestone with an opportunity to challenge the correctness of the Government's calculations.

■ As the fifth panel of this Court to review this case, this panel is well aware of the troublesome history this litigation presents. Contrary to KWW and Fire-

stone's contentions, both issues presented to this panel were addressed and resolved in the two prior appeals in this case. Because KWW and Firestone now appeal from a judgment of the district court which was entered in strict accordance with the second opinion of this Court, there is nothing presented for review in this case. Consequently, the judgment of the district court is affirmed.

 The doctrine of the law of the case forecloses a different result than that which was obtained in the earlier two appeals. A decision of a legal issue by an appellate court establishes the law of the case which must be followed in all subsequent proceedings in the same case, whether those proceedings take place at the trial court or in the appellate court, unless one of the three following exceptions is met: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to such issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *EEOC v. International Longshoremen's Association*, 623 F.2d 1054, 1058 (5th Cir.1980), *cert. denied*, 451 U.S. 917, 101 S.Ct. 1997, 68 L.Ed.2d 310 (1981). *See, e.g., Chapman v. National Aeronautics and Space Administration*, 736 F.2d 238, 241 (5th Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 517, 83 L.Ed.2d 406 (1984); *United States v. 162.20 Acres of Land*, 733 F.2d 377, 379 (5th Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 906, 83 L.Ed.2d 920 (1985). The doctrine does not reach questions which were not decided in a former proceeding, but it does cover those issues decided by necessary implication as well as those decided explicitly. *International Longshore-*

*men's Association*, 623 F.2d at 1058. *Chapman*, 736 F.2d at 241.

The purpose behind this rule bears repeating in the context of this protracted litigation:

> The "law of the case" rule is based on the salutary and sound public policy that litigation should come to an end. It is predicated on the premise that "there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate of chances from changes in its members," and that it would be impossible for an appellate court "to perform its duties satisfactorily and efficiently" and expeditiously "if a question, once considered and decided by it were to be litigated anew in the same case upon any and every subsequent appeal" thereof.

*White v. Murtha*, 377 F.2d 428, 431 (5th Cir.1967) (citations and footnotes omitted).

KWW and Firestone assert that one of the issues presented in this appeal is before the Court for the first time and that its consideration is not barred by the law of the case. Contrary to these contentions this Court specifically determined that KWW's and Firestone's due process rights did not require further development of the evidentiary record on remand. 680 F.2d at 395.

 KWW and Firestone further assert that one of the exceptions to the doctrine of the law of the case applies in the instant case, that is that the prior decision by this Court was clearly erroneous and would work manifest injustice. As the fifth panel of this Court to address this case, this panel disagrees.[1] Moreover, it is

---

**1.** In support of its contention that the original panel's decision to close the record was clearly erroneous and worked manifest injustice, KWW and Firestone cite this Court to the following cases: *Colonial Leasing, Inc. v. Logistics Control International*, 770 F.2d 479 (5th Cir.1985) (on rehearing); and *duPont v. United States*, 385 F.2d 780 (3rd Cir.1967). Neither case is persuasive as each presents a case markedly different from the instant case. In the *duPont* case, the Third Circuit held that the evidentiary

record must be reopened because the appellants could not have anticipated that the district court would rule that their valuation evidence was incompetent. In the present case, however, it had long been established that the exclusive method in the Fifth Circuit for valuation of partial takings was the before-and-after methodology. Thus, KWW and Firestone should have plainly anticipated the requirement to put on evidence comporting with that theory. Moreover, KWW and Firestone elected not to chal-

the firm rule in this Circuit that one panel cannot disregard the precedent set by a prior panel even if the second panel perceives error in the precedent. *United States v. 162.20 Acres of Land,* 733 F.2d at 379.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

lenge the Government's figures, instead relying solely on their "unorthodox" methodology. That was a tactical decision, which this Court is not required to allow the parties to rectify at this late date. On this record, there is no injustice. The *Colonial Leasing* case involved a panel rehearing of its own prior decision. That case is markedly different from the present case in

which KWW and Firestone ask a fifth panel of this Court to declare that the initial panel's decision was clearly erroneous. The burden upon appellants in this case to show manifest injustice is substantially greater than the burden on the petitioners in *Colonial Leasing.* That burden has not been met here.