# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50406
_____

Jaime Antonio Martinez,

Petitioner—Appellant,

*versus*

FNU Rosalez, *Warden*,

Respondent—Appellee.

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2024

Lyle W. Cayce
Clerk

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-1297
_____

Before Jones, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jaime Antonio Martinez seeks the ability to pursue his habeas corpus petition in the district court. For the reasons contained herein, the district court's ruling is AFFIRMED and Martinez's motion for judicial notice is DENIED.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50406

## I.

### A. Facts and Procedural History

On February 10, 2006, Jaime Antonio Martinez, a United States citizen, was convicted in Mexico of aggravated homicide and was sentenced to 27 years, one month, and six days of imprisonment.

#### 1. Treaty Between Mexico and the United States

A bilateral international treaty between the United States and Mexico allows American citizens convicted of crimes in Mexico to be transferred to the United States to serve their sentence. *See Treaty Between the United States of America and the United Mexican States on the Execution of Penal Sentences*, U.S.–Mex., Nov. 25, 1976, 28 U.S.T. 7399 (Treaty). One of the requirements for a transfer is that the offense of conviction must also be an offense in the receiving country. 18 U.S.C. §§ 4100(b), 4101(a). Upon transfer, the United States Parole Commission is "tasked with converting a Mexican conviction . . . into a parallel conviction under the laws of the United States." *Frascarelli v. U.S. Parole Comm'n*, 857 F.3d 701, 705 (5th Cir. 2017). The Commission "does not re-sentence the transferee, nor does it revisit questions of guilt or innocence." *Id.* (emphasis added). Instead, it "determine[s] a release date . . . as though the offender were convicted in a United States district court of a similar offense." *Id.* at 704 (quoting 18 U.S.C. § 4106A(b)(1)(A)). An appeal from the Commission's determination is treated "as though the determination appealed had been a sentence imposed by a United States district court." 18 U.S.C. § 4106A(b)(2)(B).

Pursuant to the Treaty, Martinez was transferred to the United States two years after his Mexican conviction on March 10, 2008, to serve the remainder of his foreign sentence. Upon his transfer, the Commission determined that the offense of conviction was most like first-degree murder and set his release date after service of 168 months of imprisonment. In

2

November 2008, while Martinez was serving his sentence, he was convicted in two separate unrelated cases. As a result, he was sentenced to an additional combined 99 months of imprisonment[1], set to begin on June 1, 2025, or the date of completion of his sentence under the Treaty, whichever date comes sooner. On April 22, 2019, Martinez completed his foreign sentence and began serving his combined federal sentence.

### 2. Bureau of Prisons and the First Step Act

Once relocated, inmates transferred under the Treaty are in the Attorney General's custody and are subject to the same laws, same conditions, and the same period of time imposed by the sentencing court as offenders convicted in a court of the United States. 18 U.S.C. §§ 4102(2), 4103, 4105(a). Acting on the Attorney General's behalf, the Bureau of Prisons (BOP), is tasked with "administering" and calculating any time credits against a transferred prisoner's sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). In doing so, the BOP considers time credited towards a sentence at the same rate as applicable to prisoners convicted in a United States district court. 18 U.S.C. § 4105(c)(1)–(3).

Section 4105(c)(4) also specifies that a federal sentence imposed while a prisoner is serving a foreign sentence shall be aggregated with the foreign sentence as if the foreign sentence was a federal sentence. When a federal "term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment," those sentences are considered "multiple terms of imprisonment." 18 U.S.C. § 3584(a). And "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be

---

[1] The separate unrelated offenses were for possession with intent to distribute over five kilograms of cocaine and failure to appear for an offense committed prior to the issuance of his foreign conviction. These offenses and Martinez's sentence will be referred to in this opinion as the "federal sentence."

treated for administrative purposes as a single, aggregate term of imprisonment." *Id.* § 3584(c).

The First Step Act (FSA) enacted on December 21, 2018, after Martinez was already serving his foreign sentence, allows certain prisoners to participate in incentive programs and earn time credits that will be applied toward pre-release custody or an early transfer to supervised release. *See id.* § 3632. The statute defines a prisoner as 1) a person sentenced to imprisonment for a federal criminal conviction, and 2) "a person in the custody of the Bureau of Prisons." *Id.* § 3635(4). The statutory framework describes ineligibility factors, including "if the prisoner is serving a sentence for a conviction under [certain specified] provisions of law." *Id.* § 3632(d)(4)(D). There are seventy primarily federal offenses that can make a prisoner ineligible for FSA time credits. *Id.* § 3632(d)(4)(D). As relevant here, one disqualifying conviction is "[a]ny section of chapter 51[] relating to homicide." *Id.* § 3632(d)(4)(D)(xxv) (emphasis added).

### 3. Denial of § 2241 Petition and Appeals.

In December 2022, Martinez filed a pro se 28 U.S.C. § 2241 petition alleging that the BOP had improperly disallowed certain time credits he was due under the FSA and had failed to make the requisite pre-release referral. Martinez argues that the BOP had initially listed him as eligible for time credits under the FSA, switched him to ineligible, then back to eligible, and, finally, back again to ineligible. The stated basis for Martinez's ineligibility was his foreign conviction, but Martinez argued that he had already completed his foreign sentence. Rosalez conceded that the BOP initially erred by classifying Martinez as eligible for FSA time credits and that the error was caused by the BOP's classification of Martinez's foreign sentence as a prior sentence.

The BOP corrected that error by treating Martinez's foreign sentence

as one of his current, aggregated sentence obligations and that he was now ineligible for FSA time credits because his foreign homicide conviction was a disqualifying offense. Accordingly, Rosalez moved for dismissal or in the alternative denial of Martinez's petition. Martinez opposed that motion and argued that: 1) the BOP had not aggregated his foreign sentence with his federal sentences, and 2) even if the BOP had aggregated those sentences, his foreign conviction was not a disqualifying offense under the FSA because the FSA's list of disqualifying offenses did not include foreign offenses.

A magistrate judge determined, however, that the BOP properly aggregated Martinez's foreign sentence with his consecutive federal sentences for purposes of calculating FSA time credits. Because Martinez's foreign conviction correlated to a domestic conviction for first-degree murder, a disqualifying offense for FSA purposes, the magistrate judge concluded that the BOP correctly listed him as ineligible to earn FSA time credits. Accordingly, the magistrate judge recommended granting Rosalez's motion and denying Martinez's § 2241 petition. Martinez timely filed written objections to the magistrate judge's report and recommendation. The district court conducted a de novo review of the record, adopted the magistrate judge's report, granted Rosalez's motion to dismiss, and denied Martinez's § 2241 habeas petition.[2] Martinez filed a timely notice of appeal on May 22, 2023.

Martinez proceeds pro se on appeal, arguing that he should be deemed eligible for FSA time credits because he is not currently serving a sentence for a disqualifying offense. He contends that his offense does not qualify as

---

[2] Rosalez also raises an issue of ripeness. There is not a ripeness issue here since Martinez's Section 2241 petition argues (whether correctly or not) that he should have been released in October of 2022, so the merits issue is before us.

first-degree murder because it was committed outside of the United States.[3] In his reply brief, he also argues that his foreign sentence and federal sentence should not have been aggregated for FSA purposes because his foreign sentence was completed.

## II.

A § 2241 petition is the proper procedural vehicle for challenging the prison authorities' determination of the duration of a prisoner's sentence. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A federal prisoner does not need a certificate of appealability to appeal the denial of a § 2241 petition. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); 28 U.S.C. § 2253(c)(1). In the § 2241 context, we review the district court's factual findings for clear error and its legal conclusions de novo. *Id.* "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013) (internal quotation marks and citation omitted). The court "may affirm the denial of habeas relief on any ground supported by the record." *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).

### A. Martinez's Sentences Were Properly Aggregated.

Martinez first argues that his foreign and federal sentences were erroneously aggregated. Although multiple terms of imprisonment are not aggregated in all contexts, aggregation is explicitly applicable in the administrative context of consolidating a prisoner's consecutive sentences. *See* 18 U.S.C. § 3584(c); *see also United States v. Chapple*, 847 F.3d 227, 230 (5th Cir. 2017) (agreeing that "§ 3584 only applies to aggregation 'for

---

[3] There is no language in the first-degree murder guidelines that state the murder must be committed in the United States.

administrative purposes' and does not impact the court's judicial discretion under [18 U.S.C.] § 3582"). Section 4105(c)(4) specifies that a federal sentence imposed while a prisoner is serving a foreign sentence shall be aggregated with the foreign sentence as if the foreign sentence was a federal sentence. When a federal "term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment," those sentences are "multiple terms of imprisonment." 18 U.S.C. § 3584(a).

Here, Martinez's federal sentences were imposed while he was still serving his foreign sentence, and all those sentences were aggregated for administrative purposes. Because his two federal sentences were combined and imposed to run consecutively to his foreign sentence, he is currently still serving the single, aggregated sentence based on those multiple terms of imprisonment when viewed in the administrative context. *See id.* §§ 3584(c), 4105(c)(4).

Even though the inmate data sheet does show that Martinez's current aggregated sentence consists of the terms of his federal sentences, it also lists his foreign sentence as one of his current obligations. This supports the district court's determination that Martinez was serving an aggregated sentence that included his foreign sentence. We agree with the district court that aggregation in the administrative context under §§ 3584(c) and 4105(c)(4) was proper for purposes of FSA time credits. *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, 1–2 (3d Cir. July 17, 2023) (affirming the denial of a § 2241 petition and holding that the BOP properly determined that Teed was ineligible for FSA time credits because he was serving an aggregated sentence based in part on a disqualifying conviction for failing to register as a sex offender) (unpublished).

Martinez argues and Rosalez concedes that the FSA does not include foreign convictions in its list of disqualifying offenses. 18 U.S.C. §

4106A(a)(b)(1)(A); § 3632(d)(4)(D). Rosalez counters that, because a foreign sentence is converted into a federal sentence by means of the Commission's determination of a similar federal offense, that similar offense is used to decide if the transfer prisoner is disqualified for FSA purposes. Even if the FSA is not viewed within that overall transfer context, we defer to the BOP's reasonable interpretation of the FSA. *See Lopez v. Davis*, 531 U.S. 230, 242 (2001) (holding that the BOP's reasonable interpretation of the statute governs as long as it has "filled the statutory gap in a way that is reasonable in light of the legislature's revealed design") (internal quotations omitted); *Sample v. Morrison*, 406 F.3d 310, 313 (5th Cir. 2005) (agreeing that BOP's interpretation of 18 U.S.C. § 3624 was permissible).

Here, the BOP's program statement regarding FSA time credits states that "treaty transfer[] inmates . . . who are serving their sentence in Bureau custody are not eligible to earn [FSA time credits]." We hold that the district court correctly determined that Martinez's foreign conviction was a disqualifying conviction for FSA purposes because, for administrative purposes, Martinez was serving a sentence that was construed as a sentence for first-degree murder under § 1111.[4] Therefore, we AFFIRM the district court's denial of Martinez's habeas petition because his sentences were properly aggregated, and he was not eligible to earn FSA time credits.

---

[4] Martinez contends that his foreign offense cannot be equated to first-degree murder under 18 U.S.C. § 1111 because it does not meet the jurisdictional requirement of subsection (b). His argument lacks merit because the Commission was not convicting Martinez of a § 1111 offense by making the transfer treaty conversion, *see Frascarelli*, 857 F.3d at 705 (noting that the Commission's conversion does not involve resentencing or revisiting questions of guilt or innocence). Although the inmate data sheet mistakenly lists his converted offense as 18 U.S.C. § 1114, such a mistake is immaterial because § 1114 is also a disqualifying conviction under FSA. *See* 18 U.S.C. §§ 1114, 3632(d)(4)(D)(xxv).

## B. Martinez's Motion for Judicial Notice is Denied as Unnecessary.

Lastly, on July 5, 2023, Martinez filed a motion requesting judicial notice of a magistrate judge's report and recommendation in *Jones v. Garza*, No. 4:22-CV-764, 2023 WL 3354135, (N.D. Ohio Apr. 18, 2023) (unpublished). "[J]udicial notice may be taken at any stage of the proceeding." *Colonial Leasing Co. of New England v. Logistics Control Grp. Int'l*, 762 F.2d 454, 461 (5th Cir.), *on reh'g sub nom. Colonial Leasing of New England, Inc. v. Logistics Control Int'l*, 770 F.2d 479 (5th Cir. 1985) (quoting Fed. R. Evid. 201(d)). We "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

In *Jones*, the magistrate judge disagreed with the BOP's determination that Jones was ineligible for FSA time credits because the BOP treated Jones's conspiracy conviction as if he had been convicted of the underlying offense, which was a disqualifying conviction. *Jones*, 2023 WL 3354135, at 3–6. That decision is not precedential and does not address the relevant issues in this appeal. Additionally, since Martinez's habeas appeal fails on the merits, this motion is also moot.

### III.

Accordingly, we AFFIRM the district court's ruling regarding Martinez's habeas petition and his motion for judicial notice is DENIED AS MOOT.